FILED

Nov 04 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ GloriaVocal    DEPUTY

ORDERED UNSEALED on **11/05/2025    s/ scotttweed**

SEALED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

August 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>VICTOR LEE MARION JR. (1),<br>   aka "Vic,"<br>   aka "Peyami,"<br>JUSTIN ALEXANDER LEWIS (2),<br>MICHAEL JEEHO YI (3),<br>ANDRE HAMMOND JR. (4),<br>IMAN SHENKO ABDULBASIR (5),<br>   aka "Iman the Barber,"<br>   aka "Iman Basir,"<br>CARLO HUMBERTO HERNANDEZ (6),<br>DONEL GEM GUTIERREZ LABACO (7),<br>JOSE LAURO LUIS MUNOZ (8),<br>MATTHEW BRANDON OH-SLACK (9),<br>   aka "Matt Oh,"<br>RYAN NAVARRO ANORMA (10),<br>MALIQUE JORDAN SHAW (11),<br>KENNETH ODIN LARA (12),<br>   aka "Kenny,"<br>   aka "Cynthia (Cindy) Lara,"<br>   aka "Diana Ivette Becerra,"<br>STEVEN RAY BAGSIC (13),<br>NICHOLAS EDWARD WEBBER (14),<br>   aka "Buford,"<br>JONATHAN ENRIQUEZ LIMFUECO (15),<br>   aka "Jon,"<br>CHRISTINA MICHELE ASMUS (16),<br>   aka "Christina Fitzgerald,"<br>SETH MICHAEL SHELDON (17),<br>JOSE ANTONIO CARDENAS (18),<br>   aka "Anthony," | Case No. <u>25CR4061-TWR</u><br><br>I N D I C T M E N T<br>(First Superseding)<br><br>Title 18, U.S.C., Secs. 1349 and 2326 - Conspiracy to Commit Mail and Wire Fraud; Title 18, U.S.C., Sec. 1956(h) - Conspiracy to Commit Money Laundering; Title 18, U.S.C., Secs. 981(a)(1)(C), 982(a)(1), and 982(b), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

AEG:SAS:nlv(xxx):San Diego:11/4/25

ANDREW DIVINE (19),
    aka "Drew,"
JOSHUA ESTRADA (20),
    aka "Josh,"
EDGAR GALINDEZ (21),
ZACHARIAH SIGNAOFF (22),
    aka "Zach,"

                  Defendants.

The grand jury charges:

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this Indictment:

1.    A **technical support scam**, or tech support scam, was a sophisticated fraud scheme where criminals claim to offer a legitimate technical support service. The criminals contacted victims in a variety of ways, including through fake computer pop-ups resembling error messages or via fake "help lines" advertised on websites owned by the criminals. The criminals used social engineering and confidence tricks to falsely persuade victims that there were problems on their computer or mobile device and to purchase products or services to fix the fictitious "problems."

2.    A **refund scam** was a method used in fraud schemes where criminals used social engineering techniques first to gain the victim's trust, then to convince the victim that he/she had accidentally received an "over-refund," a portion of which the victim was instructed to return.

3.    Ritetek LLC was a company based in the United States and associated with an India-based company named Capital 1 Prop. Ritetek presented itself as a company that provided "technical support."

4.    BlueRed Technology was a company based in Dubai, United Arab Emirates that purported to provide web development and design services.

//

2

## Count 1

### (Conspiracy to Commit Mail and Wire Fraud)

### [18 U.S.C. §§ 1349 & 2326]

5.    The allegations set forth in paragraphs 1 through 4 are realleged and incorporated by reference as if fully set forth herein.

### THE CONSPIRACY

6.    Beginning on a date unknown to the grand jury and continuing up to and including September 30, 2025, within the Southern District of California and elsewhere, defendants VICTOR LEE MARION JR., aka "Vic," aka "Peyami"; JUSTIN ALEXANDER LEWIS; MICHAEL JEEHO YI; ANDRE HAMMOND JR.; IMAN SHENKO ABDULBASIR, aka "Iman the Barber," aka "Iman Basir"; CARLO HUMBERTO HERNANDEZ; DONEL GEM GUTIERREZ LABACO; and others known and unknown to the grand jury, knowingly and intentionally conspired to commit the following offenses

a.    Mail Fraud, in violation of Title 18, United States Code, Section 1341; and

b.    Wire Fraud, in violation of Title 18, United States Code, Section 1343.

### MANNER AND MEANS

7.    The objects of the conspiracy were carried out, and were to be carried out, in substance in the following manner:

8.    Members of the conspiracy operated tech support and refund scams targeting victims over the age of 55 throughout the United States, including in the Southern District of California.

9.    Members of the conspiracy contacted potential victims through unsolicited interstate and foreign wire communications, including pop-up ads, emails and phone calls.  These unsolicited communications caused

3

victims to call conspirators at a call center operating tech support and refund scams.

10. Members of the conspiracy managed and funded virtual call center platforms on which they had other members of the conspiracy falsely purport to be representatives of a technical support company to putative victims.

11. After building trust with a victim based on fraudulent pretenses, members of the conspiracy directed money to be sent (including by mail and wire transfers) to other members of the conspiracy, including to individuals in the Southern District of California and elsewhere.

12. Members of the conspiracy directed co-conspirators to register fictious business names and limited liability companies with government agencies to shield account holders' identities and give false legitimacy to their bank accounts. Members of the conspiracy created numerous shell companies for purposes of facilitating the scheme and concealing the nature of the funds being transmitted, including but not limited to the following shell companies: Digiworks, Appventure, Bliss Tour, Wapner Jones Holdings, Destination Anywhere, Build IQ, Piercing & Co Holdings, Code Suites, Vanguard Media, G&G Timepieces, Titanium Holdings, Pinnacle Holdings, Alpha Tech Solutions, Luminari Technology, Limfueco Auto Service, Garage Auto Tech Services, Apexium Holdings, Alpha-Tech Group, Tech-Tonic Internet, Kingsbridge Capital, Solar Synergy, Sunrun Solar, Mayor Watches, Trinity Solar Panels, Sunpower Solar Panels, and West Coast Sino Supplies LLC.

13. Members of the conspiracy opened multiple bank accounts with financial institutions in the Southern District of California and

1  elsewhere in the names of those businesses, and others, for the purpose
2  of receiving proceeds from the fraud scheme.

3        14.   Members of the conspiracy targeted potential victims over the
4  age of 55 with a campaign that included electronic messages, telephone
5  calls, and text messages to induce the purchase of goods and services
6  and victimized more than 10 persons over the age of 55.

7        15.   Through their fraudulent representations, members of the
8  conspiracy caused the withdrawal of funds on deposit from financial
9  institutions, which resulted in financial institutions not having
10  additional funds on deposit for business and income purposes. These
11  affected financial institutions included federally insured banks in the
12  Southern District of California.

13       16.   From as early as July 2021 and continuing up to the date of
14  this Indictment, members of the conspiracy targeted potential victims
15  over the age of 55 with their campaign, which included electronic
16  messages and telephone calls, and victimized more than 10 persons over
17  the age of 55.   As of the date of this Indictment, more than 370
18  identified victims with more than approximately $27 million U.S. dollars
19  in losses were tied directly to the conspiracy discussed herein.
20  All in violation of Title 18, United States Code, Sections 1349 and 2326.

21                              **Count 2**

22                 **(Conspiracy to Commit Money Laundering)**

23                      **[18 U.S.C. § 1956(h)]**

24       17.   The allegations set forth in paragraphs 1 through 16 are
25  realleged and incorporated by reference as if fully set forth herein.

26       18.   Beginning on a date unknown to the grand jury, and continuing
27  up to and including September 30, 2025, within the Southern District of

28
                                   5

California and elsewhere, defendants VICTOR LEE MARION JR., aka "Vic," aka "Peyami"; JUSTIN ALEXANDER LEWIS; MICHAEL JEEHO YI; ANDRE HAMMOND JR.; IMAN SHENKO ABDULBASIR, aka "Iman the Barber," aka "Iman Basir"; CARLO HUMBERTO HERNANDEZ; DONEL GEM GUTIERREZ LABACO; JOSE LAURO LUIS MUNOZ; MATTHEW BRANDON OH-SLACK, aka "Matt Oh"; RYAN NAVARRO ANORMA; MALIQUE JORDAN SHAW; KENNETH ODIN LARA, aka "Kenny," aka "Cynthia (Cindy) Lara," aka "Diana Ivette Becerra"; STEVEN RAY BAGSIC; NICHOLAS EDWARD WEBBER, aka "Buford"; JONATHAN ENRIQUEZ LIMFUECO, aka "Jon"; CHRISTINA MICHELE ASMUS, aka "Christina Fitzgerald"; SETH SHELDON; JOSE ANTHONY CARDENAS, aka "Anthony"; ANDREW DIVINE, aka "Drew"; JOSHUA ESTRADA, aka "Josh"; EDGAR GALINDEZ; ZACHARIAH SIGNAOFF, aka "Zach" (collectively hereinafter, "Defendants"); Carter Ryan Gibbs (charged elsewhere), and others known and unknown to the grand jury, knowingly and intentionally conspired with other persons to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, to wit:

a. to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is mail fraud and wire fraud, with the intent to promote the carrying on of the specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

b. to conduct a financial transaction affecting interstate commerce and foreign commerce, which involved the proceeds of specified unlawful activity, that is, mail fraud and wire fraud, knowing that the transaction was designed in whole and in part to conceal and disguise

the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

c.    to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, of criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail and wire fraud, in violation of Title 18, United States Code, Section 1957;

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

19.  The allegations contained in Counts 1 and 2 of this Indictment are realleged herein and incorporated as a part hereof for purposes of seeking forfeiture to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and Title 28, United States Code, Section 2461(c).

20.  Upon conviction of the offense set forth in Count 1 of this Indictment, and pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), defendants VICTOR LEE MARION JR., aka "Vic," aka "Peyami"; JUSTIN ALEXANDER LEWIS; MICHAEL JEEHO YI; ANDRE HAMMOND JR.; IMAN SHENKO ABDULBASIR, aka "Iman the Barber," aka "Iman Basir"; CARLO HUMBERTO HERNANDEZ; and DONEL GEM GUTIERREZ LABACO shall forfeit to the United States of America all property, real and personal, which constitutes and is derived from proceeds traceable to the offense.

21.   Upon conviction of the offense set forth in Count 2 of this Indictment, and pursuant to Title 18, United States Code, Section 982(a)(1), the Defendants shall forfeit to the United States of America all property, real and personal, involved in the offense and any property traceable to such property.

22.   If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third party;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the Defendants up to the value of the property listed above as being subject to forfeiture. All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(b) and Title 28, United States Code, Section 2461(c).

DATED: November 4, 2025.

ADAM GORDON
United States Attorney

By: _____
ASHLEY E. GOFF
SHIVANJALI SEWAK
Assistant U.S. Attorneys

8